UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MICHAEL KRICHEVSKY,<br><br>                                   Appellant,<br><br>against,<br><br>MARIANNE DEROSA, UNITED STATES TRUSTEE, and WELLS FARGO BANK, N.A. AS SERVICING AGENT FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-F,<br><br>                                   Appellees. | **MEMORANDUM AND ORDER**<br>22-cv-4472 (LDH) |

L&shy;aSHANN D&shy;eARCY HALL, United States District Judge:

  Michael Krichevsky ("Appellant"), proceeding pro se, brings the instant action against Marianne DeRosa, the United States Trustee, and, Wells Fargo Bank, N.A. as Servicing Agent for U.S. Bank National Association, as Trustee For Banc Of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F, appealing the July 28, 2022 Order in Appellant's Chapter 11 bankruptcy proceeding, *Krichevsky*, 8-22-71045-AST (Bankr. E.D.N.Y.).)

BACKGROUND

  Appellant filed the instant appeal on July 29, 2022. (ECF No. 1.) On August 26, 2022, the Court instructed Appellant to file a supporting brief by September 26, 2022. On February 3, 2023, the court granted an extension of time for Appellant to file his brief by February 10, 2023, but warned that "[f]ailure to comply with the Court's order shall result in dismissal of the appeal

pursuant to Fed. R. Bankr. P. 8018(a)(4)." Again, Appellant failed to file a timely brief. Nonetheless, on May 10, 2023, the Court granted Appellant yet another extension of time to file his brief "no later than May 24, 2023" and repeated the same warning that failure to abide by the Order would result in dismissal for failure to prosecute. Rather than submit a brief, Appellant filed a letter to the Court on May 26, 2023—after his renewed deadline—asking the Court "to extend the deadline of filing [his] brief for at least 2 months."[1] On August 9, 2023 (later modified on August 22, 2023), the Court denied the request, and as a final extension, gave Appellant until August 28, 2023 to file a brief. The Court again warned Appellant about his failure to prosecute. Still, Appellant has filed no brief in support of his appeal in this matter.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]" Fed. R. Civ. P. 41(b). The prudent application of this rule is "'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Manshul Const. Corp. v. Int'l Fid. Ins. Co.*, 182 F.3d 900, 900, 1999 WL 461756, at *2 (2d Cir. 1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (dismissing *sua sponte* with prejudice). Notwithstanding its benefits, disposal of cases for failure to of prosecute is "'a harsh remedy to be utilized only in extreme situations.'" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v.*

---

[1] The Court notes that Appellant initially filed this extension request on the docket in a separate but related bankruptcy appeal, *Krichevsky et al v. United States Trustee et al*, 22-cv-0572 (E.D.N.Y.). Although the Court did not notice this error—one of Appellant's making—until August 9, 2023, the Court nonetheless granted Appellant over two weeks from noticing the error to file a brief. In addition, Appellant appears to have taken no action in this case during the three-month period before the Court noticed the error.

2

*Rutland Hospital, Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)).  Thus, as a procedural safeguard, district courts must balance five factors, none of which are dispositive, when determining the propriety of dismissal for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant."  *Lucas*, 84 F.3d at 535.  That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience."  *Yadav v. Brookhaven Nat'l Lab'y*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here.  *First,* one year has lapsed since Appellant's brief was first due. While there is no bright-line rule, the Second Circuit has found similar periods of inaction sufficient to warrant dismissal.  *See, e.g.*, *Lyell Theatre Corp.*, 682 F.2d at 42–43 (noting that

3

delays that are "merely a matter of months" may support dismissal). Therefore, a one-year delay is more than sufficient. [2]

*Second*, Appellant has been given three opportunities to comply with the Court's directives, and three clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute, including on February 3, 2023, May 10, 2023, and August 9, 2023. These notices are sufficient to support dismissal here. *See, e.g.*, *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding notice of dismissal sufficient where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Appellees. Whether responding parties have been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256. This case has been pending for over a year. The Second Circuit has affirmed the application of a presumption of prejudice where a plaintiff fails to respond to a court order for even shorter periods of time. *See, e.g.*, *Yadav v. Brookhaven Nat. Laboratory*, 487 Fed. App'x 671, 673 (2d Cir. 2012) (affirming dismissal where Plaintiff caused a delay of three months); *see also Brow*, 391 F. App'x at 937 (affirming dismissal where Plaintiff caused a delay of nearly six months). As such, Appellees here are presumed to be prejudiced. *See Wade v. Nassau Cnty.*, 674 F. App'x 96, 97–98 (2d Cir. 2017) (affirming dismissal where "the defendants [ ] had actively defended [the] case" and "would be prejudiced by further delay.").

---

[2] The Court notes that Appellant *did* file a supporting brief in his related bankruptcy appeal, *Krichevsky et al v. United States Trustee et al.*, 22-cv-0572 (E.DN.Y.), ECF Nos. 6, 11, further indicating that Appellant could have filed a brief in this action.

*Fourth*, a balancing of the Court's interest in managing its docket and Appellant's interest in his chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [it] [stands] ready to press [its] claims[.]" *Ruzsa*, 520 F.3d at 177–78. Here, prior to pursuing dismissal, the Court granted Appellant several opportunities to file a supporting brief and avoid dismissal for failure to prosecute. Indeed, Appellant has not attempted to prosecute this case in over a year. In other words, Appellant has been given ample time to indicate a readiness to proceed. *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Appellant's repeated failures to respond to the Court's orders, no lesser sanctions would be effective. *See, e.g.*, *Horton v. City of New York*, No. 14-CV-04279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warning from this Court that the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*, No. 14-CV-04279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016). Indeed, in light of the substantial period that has lapsed since Appellant has taken any action in the case, the Court is hard pressed to see how any other sanction might move Appellant to act.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. The Clerk of Court is respectfully directed to mail a copy of this Order to Appellant's last known address.

                                                                        SO ORDERED.

Dated: Brooklyn, New York                  /s/ LDH
       September 29, 2023                     LaSHANN DeARCY HALL
                                                United States District Judge